

07-0373-cv
**Menkes v. St. Lawrence Seaway Pilots' Association**

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of March, two thousand and eight.

Present:     HON. RALPH K. WINTER,
               HON. RICHARD C. WESLEY,
                         *Circuit Judges.*
               HON. BRIAN M. COGAN,
                         *District Judge.*[1]

FILED
MAR 12 2008
Catherine O'Hagan Wolfe, Clerk

---

RICHARD J. MENKES,

        *Plaintiff-Appellant,*

    - v -                           07-0373-cv

ST. LAWRENCE SEAWAY PILOTS' ASSOCIATION,

        *Defendant-Appellee.*

---

[1]The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLANT:    Jonathan G. Axelrod, Beins, Axelrod P.C., Washington, DC.

FOR APPELLEE:    John Longstreth and Michael F. Scanlon, Kirkpatrick & Lockhart
Preston Gates Ellis LLP, Washington, DC.

---

1    **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

2    **DECREED** that the judgment of the District Court is **AFFIRMED**.

3    Plaintiff-appellant Richard J. Menkes ("Menkes") appeals from a January 18, 2007

4    judgment of the United States District Court for the Northern District of New York (McAvory,

5    *J.*) granting the St. Lawrence Seaway Pilots Association's (the "SLSPA") motion to dismiss

6    Menkes' complaint in its entirety.  We assume the parties' familiarity with the underlying facts,

7    the procedural history, and the issues on appeal.

8    "We review the district court's grant of the defendants' motion to dismiss *de novo*, a

9    standard pursuant to which we accept all of the plaintiffs' factual allegations as true and draw all

10    reasonable inferences in favor of the plaintiffs." *Mason v. Am. Tobacco Co.*, 346 F.3d 36, 39 (2d

11    Cir. 2003).

12    The SLSPA is a voluntary association of seaway pilots that has been authorized by the

13    Coast Guard to act as the U.S. pilotage pool in District One[2] of the Great Lakes and Lake

14    Ontario.  Menkes alleges that the SLSPA (1) constitutes an illegal restraint of trade in violation

15    of the Sherman Antitrust Act, 15 U.S.C. § 1; (2) engaged in a conspiracy in restraint of trade in

16    violation of the Sherman Antitrust Act, 15 U.S.C. § 1; (3) violated New York State's General

---

[2]District One is defined as "[a]ll United States waters of the St. Lawrence River between
the international boundary at St. Regis and a line at the head of the river running (at
approximately 127° true) between Carruthers Point Light and South Side Light extended to the
New York shore."  46 C.F.R. § 401.300(a)(1).  The designation is administrative and is not based
on any economic market analysis.

1    Business Law § 340 (the "Donnelly Act"); and (4) infringed upon the freedom of association

2    guaranteed him by the First Amendment.

3    An antitrust claimant must demonstrate that she has sustained an "*antitrust* injury, which

4    is to say injury of the type the antitrust laws were intended to prevent and that flows from that

5    which makes defendants' acts unlawful." *Daniel v. American Bd. of Emergency Med.*, 428 F.3d

6    408, 438 (2d Cir. 2005) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat., Inc.*, 429 U.S. 477,

7    489 (1977) (emphasis in original)).  To establish antitrust injury, "a plaintiff must show (1)

8    injury-in-fact; (2) that has been caused by the violation; and (3) that is the type of injury

9    contemplated by the statute." *Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts*

10   *Worldwide, Inc.*, 369 F.3d 212, 220 (2d Cir. 2004).  The third factor turns on "whether

11   defendant's conduct negatively affected competition, not whether it negatively affected a

12   competitor." *Brunswick Corp.*, 429 U.S. at 488.

13   Menkes does not seek to compete with the SLSPA, but rather to work through the pilot

14   pool operated by the SLSPA as a non-member.  Menkes fails to allege that his inability to work

15   as a non-member pilot harmed competition.  Nor could he so allege, given the pervasive

16   regulatory scheme that sets price and output for pilotage services on the Great Lakes.  *See* 46

17   C.F.R. § 401.220 (Coast Guard approves the number of registered pilots); 46 C.F.R. § 401.405

18   (Coast Guard determines the rates and service standards of pilotage services).  Thus, the district

19   court correctly held that Menkes' antitrust claims fail because he does not assert a viable antitrust

20   injury.[3]

---

[3]New York's Donnelly Act, N.Y. Gen. Bus. L. § 340, is modeled on the Sherman Act and generally is construed in accordance with federal precedent. *See, e.g., Kramer v. Pollock-Krasner Found.*, 890 F. Supp. 250, 254 (S.D.N.Y. 1995) (construing Donnelly Act claims in accord with treatment of Sherman Act claims); *Re-Alco Indus., Inc. v. National Ctr. For Health*

1    Menkes' First Amendment claim is likewise deficient.  Without violating the

2    Constitution, the government can compel an individual to join a professional association as a

3    condition of employment.  *See Keller v. State Bar of Cal.*, 496 U.S. 1, 8 (1990) (upholding a state

4    statute requiring that attorneys join a state bar association).  Such an association can in turn

5    require its membership to pay dues to "fund activities germane to those goals . . . of all

6    members."  *Id.* at 14; *see Amidon v. Student Ass'n of the State Univ. of N.Y.*, 508 F.3d 94, 99 (2d

7    Cir. 2007).  While the expenditure of such dues may not be used to "fund activities of an

8    ideological nature," *Keller*, 496 U.S. at 14, nothing of the sort is alleged in the present case.  The

9    complaint is silent as to the SLSPA's pursuit of non-employment-related goals.  As such, even

10   accepting *arguendo* that the SLSPA acted under color of law in allegedly refusing to dispatch

11   non-member pilots, the complaint nevertheless fails to state a First Amendment claim.

12           For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

13

14                                                   For the Court
15                                                   Catherine O'Hagan Wolfe, Clerk
16
17
18                                                   By: _____
19

---

*Educ., Inc.*, 812 F. Supp. 387, 393 (S.D.N.Y. 1993) (same).  As the district court correctly found, Menkes failed to assert any State policy that would justify construing the Donnelly Act differently from the Sherman Act in this case.  Accordingly, Menkes' Donnelly Act claim is, like his Sherman Act claim, subject to dismissal for failure to establish an antitrust injury.

A TRUE COPY
Catherine O'Hagan Wolfe, Clerk

by _____

DEPUTY CLERK

4